IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEGE MICHAEL HALSEY, AS ADMINISTRATOR OF THE ESTATE OF MARTHA JOSEPHINE HALSEY, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:11-cv-1092-MEF<br>(WO – Do Not Publish) |

**ORDER**

Before the Court are two Motions in Limine filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  (Docs. #40 & 42.)  State Farm has withdrawn Sections II, III, IV, V and VI of its First Motion in Limine (Docs. #45 & 46), leaving the Court to resolve Sections VII, VIII, IX, and X.[1]  State Farm also has a second Motion in Limine pending with the Court and has not withdrawn any of the arguments it presents therein.  (Doc. #42.)  Plaintiff submitted a Response in Opposition to Defendant's Second Motion in Limine.  (Doc. #47.)

**1.      State Farm's First Motion in Limine**

Section VII of State Farm's Motion in Limine requests that the Court prohibit any mention of the number of policies issued by State Farm for coverage of automobiles owed

---

[1] Section I of State Farm's Motion in Limine was a Background section.  (Doc. #40).

by Plaintiff, Ms. Halsey, or anyone in Plaintiff's household. Section VIII of State Farm's Motion in Limine requests that the Court prohibit any mention of the limits of uninsured motorist coverage in this case. State Farm argues that such evidence is irrelevant, does not form part of Plaintiff's prima facie case, and would be unduly prejudicial to State Farm. Because the parties have already stipulated that the amount of available coverage here is $100,000 (*see* Doc. #52), the Court can conceive of no circumstance when evidence of the number of policies or amount of available uninsured motorist coverage would need to be presented at trial. Thus, Sections VII and VIII of State Farm's Motion in Limine are GRANTED.

Section IX of State Farm's Motion in Limine requests that the Court prohibit any mention of any contractual obligations owed by State Farm to Plaintiff or that State Farm breached any contractual obligation to Plaintiff, arguing that any such references would be irrelevant, prejudicial, and not founded in the law. State Farm cannot breach a contractual obligation to Plaintiff under the policy until Plaintiff proves that he is legally entitled to recover under the policy. *See Aetna Cas. and Surety Ins. Co. v. Beggs*, 525 So. 2d 1350 (Ala. 1998). Accordingly, Section VIII of State Farm's Motion in Limine is CONDITIONALLY GRANTED.

Finally, Section X of State Farm's Motion in Limine requests that the Court prohibit any mention of the amount of premiums paid by Plaintiff, Ms. Halsey, or anyone in Plaintiff's household to State Farm for uninsured motorist coverage or the length of time that anyone in Plaintiff's household has been insured by State Farm, arguing that any such

reference would be irrelevant and unduly prejudicial. The Court agrees, and Section X of State Farm's Motion in Limine is CONDITIONALLY GRANTED.

**2.     State Farm's Second Motion in Limine**

In its Second Motion in Limine, State Farm requests that the Court prohibit any mention of or evidence relating to whether Arcadia Sanchez Florez had a valid driver's license or was an illegal immigrant at the time of the accident. (Doc. #42.) State Farm argues that such evidence is irrelevant and would be unduly prejudicial if submitted to the jury. Plaintiff argues that such evidence is relevant to its claim that Ms. Florez acted wantonly. (Doc. #47.) The Court agrees with Plaintiff and finds that Defendant's Second Motion in Limine is due to be DENIED. However, the Court reminds Plaintiff and his counsel that this case is not one about illegal immigration but a car wreck and uninsured motorist coverage. If Plaintiff attempts to use evidence of Ms. Florez's immigration status for a purpose other than its limited relevance as to wantonness, the Court will be inclined to give the jury a limiting instruction.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

(1)     Sections VII and VIII of State Farm's Motion in Limine (Doc. #40) are GRANTED;

(2)     Sections IX and X of State Farm's Motion in Limine (Doc. #40) are CONDITIONALLY GRANTED; and

(3)     State Farm's Second Motion in Limine (Doc. #42) is DENIED.

DONE this the 25th day of January, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE